■ In the Matter of DEPUTY ATTORNEY-GENERAL, JOHN F. KEENAN, SPECIAL STATE PROSECUTOR, v LOUIS R. GIGANTE, Appellant.—Judgment, Suprme Court, New York County, entered December 29, 1977, committing appellant to prison for 10 days for criminal contempt in refusing a direction to answer questions before the Grand Jury, affirmed, without costs or disbursements. *Branzburg v Hayes* (408 US 665) is dispositive of appellant's claim of privilege. Although confronted with a freedom of the press issue, the court in *Branzburg* explicitly held that the only constitutionally protected testimonial privilege for unofficial witnesses is the Fifth Amendment right against compulsory self incrimination (pp 689-690). There is no privilege, common-law or statutory, which invests a clergyman's ministry with an immunity against disclosure. The statutory privilege, which was unknown at common law (see Richardson, Evidence, [10th ed, Prince, 1973], § 424), protects only the confidential communication or confession made by the penitent to the clergyman or spiritual advisor (CPLR 4505). The inquiries here in no way sought to invade that sanctuary. Concur—Birns, Evans and Sullivan, JJ.; Murphy, P. J., dissents in a memorandum and Kupferman, J., concurs in part and dissents in part in a memorandum as follows: Murphy, P. J. (dissenting). I find neither an abandonment by appellant of his claim of privilege nor the holding in *Bransburg v Hayes* (408 US 665) applicable to this case. *Bransburg* dealt with a newspaper reporter's claim of First Amendment protection; not with the historical and more universally recognized clergy-communicant privilege. Appellate was ordained a priest of the Roman Catholic faith in 1959 and for some 18 years thereafter (including the four-year period during which he was an elected member of the city council) he visited prisons and ministered to prisoners as part of his priestly ministry. Although the Justice presiding at the Extraordinary Special and Trial Term sustained appellant's invocation of the priest-penitent privilege, he improperly limited it solely to conversations between appellant and the prisoner Napoli; and denied it with respect to appellant's activities in Napoli's behalf as a result of such conversations. In my view, the asserted actions taken by appellant were also in exercise of his ministry as a priest of the Roman Catholic Church and were, in the circumstances here presented, equally protected. Accordingly, I would reverse the order appealed from and vacate the commitment mandated thereby. Kupferman, J. (concurring in part and dissenting in part). The Court of Appeals in a case involving the question of whether a clergyman, who was also a lawyer, could wear his clerical garb while on trial, *La Rocca v Lane* (37 NY2d 575) while recognizing the "right to free exercise of religion, certainly a preferred right among the great human rights in a free and open society" (p 581), still determined that there was a proper line of demarcation between the lay and the ministerial function. Of course, this was long ago recognized at the source. "Render therefore unto Caesar the things which are Caesar's". (Matthew 23:21; see, also, Mark 12:17; Luke 20:25.) Nonetheless, I would reduce the commitment, as a matter of discretion, to one day. The principle having been established, no purpose would be served by a longer period of incarceration.